**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE ERNESTO MARTINEZ GALINDO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | Case No. 5:26-cv-05943-DFM<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Jose Ernesto Martinez Galindo, a citizen of Peru, lived for almost four years under an Order of Release on Recognizance and the supervision of U.S. Immigration and Customs Enforcement ("ICE"). After he missed his September 11, 2026 hearing, an Immigration Judge ("IJ") ordered him removed in absentia. Petitioner blames his absence on a fraudulent cancellation email from a sham legal-services provider. He reported to ICE as scheduled on September 22, 2026, and was detained. A week later, he moved to reopen, which stays his removal by statute.

Petitioner seeks release under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Respondents agree that he is detained under 8 U.S.C. § 1226(a) and may obtain a bond hearing, but they argue that relief should be limited to such a

hearing within seven days. See Dkt. 8 ("Response") at 3-4. Petitioner replied. See Dkt. 9 ("Reply").

For the reasons set forth below, the Petition is **GRANTED** in part and **DENIED** in part.

## II. BACKGROUND

Petitioner overstayed a 2016 visitor admission, was placed in removal proceedings after a 2018 traffic encounter, and departed under a grant of voluntary departure in December 2018. See Dkt. 8-1 at 4-5. The same record lists a September 2018 Florida arrest for failure to appear, with no disposition shown. See id. at 5. He re-entered without inspection near Calexico on July 7, 2022, and was arrested by Border Patrol days later. See id. According to the Form I-213, he claimed fear, was served with an expedited removal order, received a positive credible-fear determination, and was served with a Notice to Appear. See id.

On October 17, 2022, ICE released Petitioner on an Order of Release on Recognizance issued "[i]n accordance with section 236 of the Immigration and Nationality Act." Dkt. 1-3 at 1 ("Release Order"). ICE enrolled him in its Intensive Supervision Appearance Program, and by September 2026 he wore an electronic ankle monitor. See Dkt. 1-4 at 1-5; Petition at 8. Respondents identify no violation of his release conditions before September 2026.

Petitioner's asylum application, filed in 2023, was set for an individual hearing on September 11, 2026. See Dkt. 8-1 at 10; Dkt. 1-6 at 3. Petitioner alleges that a person posing as an attorney took $1,000 from him on September 10 and that, the next morning, he received an email from a look-alike government domain cancelling the hearing. See Petition at 9-11; Dkt. 1-8 at 1; Dkt. 1-9 at 1-2. He did not appear. The IJ found that he had received written notice, deemed his asylum application abandoned, and ordered him removed in absentia. See Dkt. 8-1 at 10-11.

On September 22, 2026, Petitioner reported to his scheduled ICE appointment and was arrested on a Form I-200 warrant reciting probable cause to believe he is removable. See id. at 4, 8. The Form I-213 narrative recounts his immigration history and states that he had "no known personal or family circumstances precluding law enforcement action" and "no known ties to the community precluding law enforcement action." Id. at 4-6. The record contains no custody determination addressing flight risk or danger and no stated reason for revoking his release. On September 29, 2026, Petitioner moved to reopen and rescind the in absentia order, and EOIR recorded the motion's receipt that day. See Dkt. 1-11 at 1-8; Dkt. 1-10 at 1. The filing "shall stay the removal of the alien pending disposition of the motion by the immigration judge." 8 U.S.C. § 1229a(b)(5)(C).

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001). Section 1226(e) does not bar review of constitutional claims and questions of law, but the Court does not substitute its judgment for an IJ's discretionary custody assessment. See 8 U.S.C. § 1226(e); Hernandez v. Sessions, 872 F.3d 976, 987-88 (9th Cir. 2017).

### A. Detention Authority

The Immigration and Nationality Act divides detention at administrative finality: "Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after." Johnson v. Guzman Chavez, 594 U.S. 523, 544 (2021). An order is administratively final "once the [Board of Immigration Appeals ("BIA")] has reviewed the order (or the time for seeking the BIA's review has expired)." Id. at 534.

Here, there is an argument that § 1231 governs. By regulation, an in absentia order is final "immediately upon entry of such order," 8 C.F.R. § 1241.1(e), and detention is mandatory during the ensuing removal period, see 8 U.S.C. § 1231(a)(1)-(2). A stay entered while a court reviews "the BIA's denial of a motion to reopen—does not prevent the removal period from beginning." Prieto-Romero v. Clark, 534 F.3d 1053, 1060 n.6 (9th Cir. 2008).

The Court nonetheless concludes that § 1226(a) governs. A timely motion to rescind an in absentia order is not a collateral attack on an order that has completed administrative review; it is the required first step of that review. Because in absentia orders "may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days," such an order becomes final at the end of that period "if the petitioner does not timely file such a motion." Cui v. Garland, 13 F.4th 991, 996 (9th Cir. 2021). Petitioner filed eighteen days after the order, so the time for seeking BIA review has not expired. Unlike in Diouf v. Mukasey, 542 F.3d 1222, 1230 (9th Cir. 2008), the order had not become administratively final before the stay. Cui was not a detention decision and did not address § 1241.1(e), so the question is not settled. Respondents do not invoke § 1231 and treat Petitioner's custody as governed by § 1226(a). See Response at 3. The Court relies on "the parties to frame the issues for decision." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (quotation omitted).[1]

---

[1] The Form I-213 reports that Petitioner was served with a Notice to Appear on July 13, 2022 and an expedited removal order on July 14, 2022, and received a positive credible-fear determination on July 22, 2022. It also dates his release to July 14, 2022, while the Release Order is dated October 17, 2022. See Dkt. 8-1 at 5. The Court does not resolve that sequence. A noncitizen found to have a credible fear in expedited removal "shall be detained for further consideration of the application for asylum," 8 U.S.C. § 1225(b)(1)(B)(ii), without a bond hearing, subject to parole. See Jennings v.

### B. Exhaustion

Respondents argue that Petitioner has not exhausted administrative remedies to the extent he has not requested a bond hearing. See Response at 3-4. Exhaustion is prudential, not jurisdictional, in this setting. See Hernandez, 872 F.3d at 988; Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may waive it if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation omitted).

Respondents maintain that an ordinary bond hearing is available; they dispute only an IJ's authority to conduct a "pre-deprivation" hearing. See Response at 2-4. Exhaustion is nonetheless excused for Claim One. That claim challenges the government's revocation of years of supervised release, and Petitioner's continued confinement, without an individualized custody determination. A bond hearing would decide prospective release, not whether the Department of Homeland Security's conduct satisfied due process. The remedy's availability is also uncertain: an IJ may redetermine custody "[p]rior to" a final order, 8 C.F.R. § 1236.1(d)(1), and § 1241.1(e) makes an in absentia order final upon entry. The Court leaves every discretionary custody question to the hearing ordered below.

### C. Procedural Due Process

Conditional liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and "[i]ts termination calls for some orderly process, however informal." Morrissey v. Brewer, 408 U.S. 471, 482

---

Rodriguez, 583 U.S. 281, 297-300 (2018). Respondents have not invoked § 1225(b)(1); they released Petitioner under § 236 and treat his custody as governed by § 1226(a). The Court therefore does not decide whether § 1225(b)(1) applies.

(1972). ICE could release Petitioner under § 236 only if he showed "that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). He then lived under ICE supervision for nearly four years. He has a protected interest in his continued release.

The adequacy of the process afforded is measured by (1) the private interest, (2) the risk of erroneous deprivation and the value of additional safeguards, and (3) the Government's interest, including the burden of additional process. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976); Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Petitioner's interest in freedom from confinement is substantial; he was living in the community under conditions ICE set and monitored when he was detained at a scheduled check-in.

The risk of error is high. The I-200 warrant and Form I-213 narrative address removability, which is undisputed, and whether anything precluded "law enforcement action." Dkt. 8-1 at 4-6, 8. Neither determines whether Petitioner's detention is necessary because he presents a flight risk or a danger. Respondents identify no custody determination and describe Petitioner as detained "pending potential bond proceedings." Response at 3. The evidence on that question cuts both ways. The missed hearing, the removal order, and the 2018 failure-to-appear arrest bear on flight risk. Against them stand Petitioner's uncontested explanation; nearly four years of supervision, including electronic monitoring by September 2026; and his decision to report to ICE knowing he had been ordered removed. Nothing in the record shows that any official weighed these considerations. A hearing would substantially reduce the risk of error.

The Government's interests in securing Petitioner's appearance and enforcing his removal order are real, and the missed hearing gave ICE reason

to reassess his release. But a prompt individualized determination fully serves those interests at little cost, and Respondents themselves propose one within seven days. See Response at 4.

Petitioner's continued detention without an individualized custody determination violates the Due Process Clause.

**D. Remedy**

Petitioner seeks release within twenty-four hours and an injunction barring re-detention absent a hearing at which Respondents prove flight risk or danger by clear and convincing evidence. See Petition at 40-41; Reply at 15-17. Several courts have ordered release in re-detention cases. See, e.g., E.G.M. v. Scott, No. 26-00744, 2026 WL 914803, at *5-6 (W.D. Wash. Apr. 3, 2026); Crespo Carhuas v. Mullin, No. 26-03017, Dkt. 10 (C.D. Cal. June 10, 2026). Crespo Carhuas was unopposed and involved a nonfinal order, see No. 26-03017, Dkt. 10 at 2-3, 7, and in E.G.M. the in absentia order had already been rescinded, see 2026 WL 914803, at *5.

Nonetheless, the Court agrees that the process due is a prompt individualized hearing before an IJ, and it differs only on the remedy. Respondents have offered that hearing, and Petitioner's explanation for his absence is unsworn and untested. Deciding whether he is now a flight risk calls for the assessment he has been denied. At the hearing, the IJ must consider Petitioner's explanation, supervision history, and voluntary reporting, as well as the contrary information in the record, and, if monetary bond is considered, his ability to pay and alternatives to detention. See Hernandez, 872 F.3d at 990-91.

The ordinary § 1226(a) burden applies: a detainee "will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026). Rodriguez Diaz rejected a constitutionally

compelled shift of the burden to the Government for a § 1226(a) detainee. See 53 F.4th at 1210-13. Singh v. Holder, 638 F.3d 1196, 1203-04 (9th Cir. 2011), on which Petitioner relies, concerned hearings in prolonged detention. See Hernandez, 872 F.3d at 989.

As set forth below, if no hearing is held within seven days for any reason, including an IJ's determination that he or she lacks authority to conduct it, Respondents must release Petitioner. Respondents represent that a hearing is available, but their regulations confine IJ custody authority to the period "[p]rior to" a final order. 8 C.F.R. § 1236.1(d)(1). If the forum Respondents invoke proves unavailable, detention without an individualized determination cannot continue, and the status quo must be restored: release on the conditions under which Petitioner lived for nearly four years, subject to any lawful alternatives-to-detention conditions ICE deems appropriate.

### E. Remaining Claims and Requests

Claim Two fails. A stay pending review delays removal but does not make it unforeseeable, see Prieto-Romero, 534 F.3d at 1062-65, and nothing suggests an impediment to Petitioner's removal to Peru. Petitioner has withdrawn prayers (h) and (i), which sought to enjoin removal and compel his return. See Reply at 9-10. The record shows no denial of access to counsel or threatened transfer, so the rest of Claim Three is denied. A separate declaration would add nothing to the habeas relief granted. The Court declines Petitioner's requested injunction against future re-detention. The Court expresses no view on any future custody decision.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition (Dkt. 1) is **GRANTED** in part as to Claim One and otherwise **DENIED**, except that prayers (h) and (i) are withdrawn.

2. Within seven (7) days of the date of this Order, Respondents must provide Petitioner Jose Ernesto Martinez Galindo (A# 089-232-925) an individualized custody hearing before an IJ under 8 U.S.C. § 1226(a). At the hearing, the IJ must consider Petitioner's explanation for his failure to appear on September 11, 2026; his supervision history under the October 17, 2022 Order of Release on Recognizance; his appearance at ICE on September 22, 2026; alternatives to detention; and, if a monetary bond is considered, his ability to pay.

3. If a hearing has not been held on the merits by the end of the seventh (7th) day after the date of this Order for any reason, including a determination by the IJ that he or she lacks authority to conduct it, Respondents must release Petitioner by the end of that seventh (7th) day. Release must be on the conditions of the October 17, 2022 Order of Release on Recognizance, subject to any lawful alternatives-to-detention conditions ICE deems appropriate. This paragraph does not apply if, before the hearing is held, the IJ denies Petitioner's motion to reopen. In that event, Respondents must file a notice within one (1) court day stating the date of the denial and the authority under which Petitioner is detained.

4. Respondents must file a status report no later than the next court day after the hearing is held or Petitioner is released, stating which occurred and the result of any hearing.

Date: October 21, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge